In the District Court of the United States
For the District of South Carolina
**BEAUFORT DIVISION**

RECEIVED
USDC CLERK, CHARLESTON, SC

2005 OCT 26  P 1: 58

|  |  |
|---|---|
| Marcus James Byrd, #287580, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| vs. | ) |
|  | ) |
| Spartanburg County Detention Center, | ) |
| and Corporal NFN Harblin, | ) |
|  | ) |
| Defendants. | ) |

Civil Action No. 9:05-0805-DCN-GCK

**REPORT OF MAGISTRATE JUDGE**

The plaintiff brought this action seeking relief pursuant to Title 42, United States Code, Section 1983. On August 22, 2005, the defendants filed a motion for summary judgment. On August 25, 2005, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. Despite this explanation, the plaintiff elected not to respond to the motion.

As the plaintiff is proceeding *pro se*, the court filed a second order on October 4, 2005, giving the plaintiff an additional twenty days in which to file his response to the motion for summary judgment. The plaintiff was specifically advised that if he failed to respond, this action would be dismissed for failure to prosecute. The plaintiff elected not to respond.

Based on the foregoing, it appears the plaintiff no longer wishes to pursue this action. Accordingly, it is recommended that this action be dismissed for lack of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *Ballard v. Carlson*, 882 F.2d 93 (4th Cir. 1989), *cert. denied*, 493 U.S. 1084 (1990).

George C. Kosko
United States Magistrate Judge

October 26, 2005
Charleston, South Carolina

**Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"**
**& The Serious Consequences of a Failure to Do So**

The parties are hereby notified that any objections to the attached Report and
Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of
its service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period
excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R.
Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file
will be **delivered to a United States District Judge** fourteen (14) days after this Report and
Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91,
94 & n. 3, 1992 U.S.Dist. LEXIS® 6243 (S.D.N.Y. 1992). A magistrate judge makes only a
recommendation, and the authority to make a final determination in this case rests with the United
States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v.
Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the period for filing objections, **but not thereafter**, a party must file with the Clerk
of Court specific, written objections to the Report and Recommendation, if he or she wishes the
United States District Judge to consider any objections. **Any written objections must *specifically***
***identify* the portions of the Report and Recommendation to which objections are made *and* the**
**basis for such objections.** See Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250
(D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS®
776 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's
right to further judicial review, including appellate review, if the recommendation is accepted by the
United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert.*
*denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-
847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a
magistrate judge's Report and Recommendation, but does not file specific objections to other portions
of the Report and Recommendation, that party waives appellate review of the portions of the
magistrate judge's Report and Recommendation to which he or she did not object. In other words, a
party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes
that party from subsequently raising that issue on appeal, even if objections are filed on other issues.
Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991).
*See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal
factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In
Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review").

## This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections. *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**
